IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BARRY SNYDER,<br><br>    Petitioner,<br><br>v.<br><br>SCOTT CROWTHER,<br><br>    Respondent. | **MEMORANDUM DECISION & ORDER DENYING HABEAS RELIEF**<br><br>Case No. 2:15-CV-627-RJS<br><br>District Judge Robert J. Shelby |

  Petitioner, Barry Snyder, filed a *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2254 (2018). Having thoroughly reviewed the contents of the petition, the State's answer and Petitioner's response to the answer, the Court denies the petition.

## BACKGROUND

  For viewing child-pornography images over the internet, Petitioner was charged with ten counts of sexual exploitation of a minor. Petitioner agreed to plead guilty to one count; in exchange, the State dropped the other nine counts. The trial court engaged Petitioner in a thorough Rule 11 colloquy before accepting his guilty plea. Petitioner appealed, but then withdrew his appeal.

## A. State Post-Conviction Petition

He went on to seek post-conviction relief in state court, contending as follows:

1. Images he pleaded guilty to viewing were protected speech under the First Amendment.

2. Ineffective assistance of trial counsel.

   a. Pre-Plea.

   i. Counsel spent little time conferring with Petitioner.

   ii. Counsel incorrectly told Petitioner that there were four or five pornographic images found on his computer when it was alleged that there were only three.

   b. Post-Plea.

   i. Counsel did not change the plea, specifically once Petitioner brought him case law that would provide him a defense and when recognizing there were fewer images than counsel had originally thought.

   ii. Counsel did not ensure Petitioner's presentence investigation report was correct.

3. The guilty plea was involuntary and induced by threat of additional charges.

4. The search was illegal because it was done before the search warrant was issued.

Petitioner recognized these possible grounds to withdraw his guilty plea and wrote the trial court letters about them, between the time he entered his plea and the time when he was sentenced. Further, when Petitioner responded to the State's summary-judgment motion, he conceded that the pre-plea constitutional issues he raised were not separate grounds for withdrawing his plea, but were "examples of the ineffective assistance of counsel." *Snyder v. State*, No. 120100137, slip. op at 2 (Utah Dist. Ct. Mar. 28, 2014) (quotation marks and citation

omitted). The trial court thus analyzed all the issues under the umbrella of ineffective assistance of counsel.

So, the first issue challenging the viewed images as protected under the First Amendment must instead be framed in terms of ineffective assistance: Thus, counsel was ineffective in not challenging the viewed images as protected under the First Amendment. And the third issue: Counsel was ineffective because he threatened Petitioner with more charges to induce a guilty plea. And the fourth issue: Counsel was ineffective because he failed to challenge the legality of the search of Petitioner's computer that revealed the pornographic images.

The trial court ruled that all but the two pre-plea instances of ineffective assistance raised were procedurally barred. This is because they all could have been raised on the direct appeal that was withdrawn. *Id*. at 4-5 ("Pursuant to Utah Code Ann. § 78B-9-106(1)(b), the [Post-Conviction Remedies Act] is identified as 'the sole remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies, including a direct appeal.' Also under the PRCA, 'a person is not eligible for relief under this chapter upon any ground that . . . was raised or addressed at trial or appeal.' Utah Code Ann. § 78B-9-106(1)(b). The statute also identifies another procedural bar that arises when a petitioner raises a claim that 'could have been but was not raised a trial or appeal.' Utah Code Ann. § 78B-9-106(1)(C).").

In denying Petitioner post-conviction relief, the trial court also analyzed the two pre-plea instance of ineffective assistance of counsel on the merits using the standard *Strickland* analysis. *Id.* at 3-6 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

## B. Appeal of State Trial Court's Denial of Post-Conviction Relief

Petitioner appealed the denial to the Utah Court of Appeals, raising these grounds:

1. The trial court erred in concluding that Petitioner was barred from raising ineffective-assistance-of counsel claims under PCRA.

2. The trial court erred in ruling against Petitioner on summary judgment because there were genuine issues of material fact in dispute regarding ineffective assistance of counsel.

3. The trial court improperly denied him representation by *pro bono* counsel.

In affirming the trial court's denial of post-conviction relief, the court of appeals first noted that "[t]o the extent that the claims raised would be substantive challenges to his conviction, the claims were waived by his guilty plea." *Snyder v. State*, 2015 UT App 37, ¶ 4. The court further affirmed the trial court in its dismissal of claims based on the procedural bar found in the PCRA. *Id*. ¶ 6. The court noted that Petitioner tried on appeal to overcome the procedural bar by asserting ineffective assistance of appellate counsel, but that, "because this claim is argued for the first time on appeal in his postconviction case, it is not properly before this court." *Id*. ¶ 6 n.1 (citation omitted). Also in affirming the trial court, the court of appeals analyzed the two pre-plea ineffective-assistance-of-counsel claims under the *Strickland* analysis. *Id*. ¶ 8. The court finally upheld the trial court in denying Petitioner appointed counsel in his state post-conviction proceedings. *Id*. ¶ 10 n.2 ("Snyder is not entitled to counsel in this postconviction proceeding." (Citation omitted.)).

### C. Petition for Writ of Certiorari Regarding Utah Court of Appeals' Affirmance of State Trial Court Denial of Post-Conviction Relief

Petitioner then petitioned the Utah Supreme Court for a writ of certiorari, raising these grounds:

1. Genuine issues of material fact regarding ineffective assistance of counsel should have precluded summary judgment.

2. The ineffective-assistance-of-appellate-counsel claim was properly before the Utah Court of Appeals.

3. Petitioner was improperly denied *pro bono* counsel.

4. The plea was unknowing and involuntary.

The Utah Supreme Court denied certiorari review. *Snyder v. State*, No. 20150378-SC (Utah July 1, 2015).

### D. Issues Raised in this Federal Habeas Petition

Petitioner now challenges his conviction in this federal habeas petition, raising these grounds:

1. Ineffective assistance of trial counsel.

    a. Counsel gave fraudulent and misleading advice regarding the evidence, which renders Petitioner's plea involuntary. The fraudulent and misleading advice of counsel was allegedly that, if Petitioner did not accept the plea, Petitioner would be facing 195 years of consecutive years as a sentence. (Arguably addressed on the merits by the Utah Court of Appeals; also could have been raised on direct appeal but was not.)

    b. Counsel did not subject the evidence to an adversarial challenge in an evidentiary hearing, which would have come out in Petitioner's favor because the "[e]vidence

amounted to (3) images of plain nudity without more." (Arguably addressed on the merits by the court of appeals; also could have been raised on direct appeal but was not.)

c. Counsel did not show Petitioner the evidence against him--i.e., the images Petitioner was accused of viewing in violation of the criminal code. (Arguably addressed on the merits by the court of appeals; also could have been raised on direct appeal but was not.)

d. Counsel refused to file a motion to retract the plea and threatened to withdraw his representation if Petitioner tried to retract the plea himself. (Could have been raised on appeal but was not.)

e. Counsel did not adequately investigate the charges and evidence against Petitioner. (Arguably addressed on the merits by the court of appeals; could have been raised on direct appeal but was not.)

f. Counsel did not file a motion to suppress based on the illegal search of Petitioner's computer. (Waived by entry of the guilty plea; could have been raised on appeal but was not.)

2. Ineffective assistance of appellate counsel. (Could have been raised in post-conviction proceeding before the state trial court but was not.)

    a. Counsel did not investigate Petitioner's claims of ineffective assistance of trial counsel.

    b. Counsel improperly advised Petitioner to withdraw his appeal and bring all his claims in a post-conviction petition.

3. The images Petitioner was charged with viewing are protected free speech under the Federal Constitution. (Waived by entry of the guilty plea; could have been raised on appeal but was not.)

4. Petitioner was wrongfully denied appointed counsel to help him with his state post-conviction case.

## ANALYSIS

In its response to the petition, the State argues that most of Petitioner's issues are procedurally defaulted, and the issues that were not procedurally defaulted and were denied on the merits are not reversible based on the federal habeas standard of review. The Court agrees.

The Utah Court of Appeals denied only three issues on the merits: (1) Petitioner's assertion that trial counsel was ineffective because he spent little time with Petitioner; (2) Petitioner's assertion that trial counsel was ineffective because he incorrectly told Petitioner that there were four or five pornographic images on his computer when it was alleged that there were only three; and, (3) Petitioner was wrongfully denied appointed counsel in his state-post-conviction proceedings. Everything else was procedurally defaulted. The Court begins here with the procedural default analysis.

### A. Procedural Default

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration omitted) (citation omitted).

There are three categories of procedurally defaulted issues here: (1) Issues that were extinguished by Petitioner's guilty plea. (2) Issues Petitioner could have raised on direct appeal but did not. (3) Issue Petitioner could have raised in the trial-court post-conviction proceeding but did not raise until his appeal.

**1. Issues extinguished by guilty plea**. The Utah Court of Appeals referred to claims that "would be substantive challenges to [Petitioner's] conviction" and noted that such "claims were waived by [Petitioner's] guilty plea." *Snyder*, 2015 UT App 37, at ¶ 4. The Court assumes that these are the issues raised in the state trial court and here as (a) the assertion that the images viewed are protected speech under the Federal Constitution; and (b) the assertion that the search of Petitioner's computer was illegal because it was performed before the search warrant was issued. The state trial court had appeared to have subsumed these under the issue of ineffective assistance of counsel, but perhaps the court of appeals treated them outside of the issue of ineffective assistance.

Either way, Petitioner does not prevail here. First, "[w]hen, as here, 'a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *Leslie v. Abbott*, 117 F. App'x 72, 76 (10th Cir. 2004) (unpublished) (quoting *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003)). This is an independent and adequate procedural ground for procedural default. *See Snyder*, 2015 UT App 37, at ¶ 4 (quoting *State v. Rinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046. And, second, if these two assertions about protected speech and illegal search were treated under the ineffective-assistance umbrella, they are part of the group of claims that were determined to be defaulted because they were not raised on direct appeal, which is discussed next.

**2. Issues that Petitioner could have raised on appeal, but did not**. Utah's Post-Conviction Remedies Act, in pertinent part, states: "A person is not eligible for relief under this

chapter upon any ground that … could have been but was not raised at trial or on appeal." Utah Code Ann. § 78B-9-106(1) (2018); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not. Accordingly, [petitioner] has defaulted his claim . . . ."). Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred. The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Any claims then that Petitioner could have raised on direct appeal but did not are procedurally defaulted in state and federal court.

     **3**. **Issue that Petitioner could have raised in post-conviction petition before state trial court but did not raise until state appeal**. This issue is the ineffective assistance of appellate counsel, which was determined by the Utah Court of Appeals to be procedurally defaulted. *Snyder*, 2015 UT App 37, ¶ 6 n.1 ("In an effort to overcome the procedural bar, Snyder asserts on this appeal that he received ineffective assistance of appellate counsel in his direct appeal. However, because this claim is argued for the first time on appeal in his postconviction case, it is not properly before this court.") (Citation omitted)). Petitioner could have raised his claim of ineffective assistance of appellate counsel in his state post-conviction petition to the trial court; because he did not, it is procedurally defaulted in state and federal court.

**4. Exceptions to procedural default.** Petitioner possibly asserts both cause and prejudice and a fundamental miscarriage of justice as exceptions that the Court should apply to rescue him from the effects of his procedural defaults. Specifically, he seems to assert cause and prejudice (in that he was hampered by lack of legal knowledge and resources) and actual innocence.

    a. **Cause and prejudice**. "[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding) are circumstances that do not carry Petitioner's burden to show cause. *Gilkey v. Kansas*, No. 02-3227, 2003 U.S. App. LEXIS, at *6 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims). "Indeed, these are factors . . . that are *internal* to Petitioner's defense." *Ardon-Aguirre v.*

*Sorensen*, No. 2:12-CV-914 DB, 2013 U.S. Dist. LEXIS 150269, at *11 (D. Utah October 18, 2013) (emphasis in original).

**b. Actual Innocence.** Petitioner also appears to suggest that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition. To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Because such evidence is so rare, "'in virtually every case, the allegation of actual innocence has been summarily rejected.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (citation omitted)). Petitioner is burdened with making "a proper showing of factual innocence." *Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

In sum, the Court concludes that Petitioner's issues are procedurally defaulted. And, these issues do not qualify for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural bar. The Court thus denies Petitioner federal habeas relief on his procedurally defaulted claims.

## B. Merits--Ineffective Assistance of Counsel

**1. Standard of Review.** The standard of review to be applied in federal habeas cases is found in § 2254, of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which this habeas petition is filed. It states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2018). Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error." *House v Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

The Court's inquiry centers on whether the Utah Court of Appeals's rejection of Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law. 28 U.S.C.S. § 2254(d)(1) (2018). This "highly deferential standard,"' *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted); *see also Littlejohn v. Trammell*, 704 F.3d 817, 824 (10th Cir. 2013), is "'difficult to meet,' because the purpose of AEDPA is to ensure that federal habeas relief functions as a '"guard against extreme malfunctions in the state criminal justice systems,"' and not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43-44 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in

judgment))). The Court is not to determine whether the court of appeals's decision was correct or whether this Court may have reached a different outcome. *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). And, "[t]he petitioner carries the burden of proof." *Cullen*, 131 S. Ct. at 1398.

Under *Carey v. Musladin*, 549 U.S. 70 (2006), the first step is determining whether clearly established federal law exists relevant to Petitioner's claims. *House*, 527 F.3d at 1017-18; *see also Littlejohn*, 704 F.3d at 825. Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law." *Id.* at 1018.

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*Id.* at 1016.

Further, "in ascertaining the contours of clearly established law, we must look to the '*holdings* as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Littlejohn*, 704 F.3d at 825 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (emphasis added) (citations omitted)). And, in deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis. *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("[F]ederal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be

aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).

If this threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case." *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state-court decision erroneously applied clearly established federal law. *See id.* "'Rather that application must also be unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 411). Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 131 S. Ct. at 785 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).

This highly demanding standard was meant to pose a sizable obstacle to the habeas petitioner. *Id.* at 786. Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents. It goes no farther." *Id.* To prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. It is against this backdrop that this Court now applies the standard of review to the circumstances of this case.

14

**2. Application of Standard of Review**. The exhausted claims here are two ineffective assistance of counsel issues stemming from counsel's (a) failure to spend much time conferring with Petitioner before his guilty plea; and (b) incorrect assertion to Petitioner that there were four or five pornographic images on his computer when it was alleged that there were only three.

Remembering that review is tightly restricted by the federal habeas standard of review, this Court observes that the Utah Court of Appeals selected the correct governing legal principle with which to analyze the ineffective-assistance-of-counsel issue. *Snyder*, 2015 UT App 37, ¶¶ 5-8. It is the familiar two-pronged standard of *Strickland v. Washington,* 466 U.S. 668 (1984): (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by counsel's deficient performance. *Id.* at 687-88. The prejudice element requires a showing that errors were so grave as to rob the petitioner of a fair proceeding, with a reliable, just result. *Id.*

As required by the standard of review, the Court now analyzes whether the Utah Court of Appeals's application of *Strickland* was reasonable. In evaluating this issue under *Strickland*, the court stated:

> To establish ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Menzies*, 2014 UT 40, ¶ 75 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In evaluating counsel's performance, the focus is on "whether counsel's assistance was reasonable considering all the circumstances." *Id.* ¶ 76 [quoting *Strickland*, 466 U.S. at 687.] The strong presumption that counsel's conduct was not deficient may be overcome only by demonstrating "that the challenged actions cannot be considered sound strategy under the circumstances." *Id.* [quoting *Strickland*, 466 U.S. at 689.]
> . . . .
> Snyder also contends that counsel failed to investigate the evidence before advising him to plead guilty and did not spend

> enough time on the case. Appellate courts generally decline "to hold that counsel is ineffective based on the amount of time counsel spent working on the case or consulting a client." *Nicholls v. State*, 2009 UT 12, ¶ 38, 203 P.3d 976. Additionally, Snyder does not set out specific facts to establish this claim but rather makes conclusory allegations, stating merely his belief that counsel did not evaluate the evidence. In contrast to his belief, the record shows that counsel told Snyder that the images were 'very bad' and clearly violated the law. Accordingly, pursuing a plea bargain that resulted in the dismissal of nine of ten charges appears to be sound strategy under the circumstances.

Under the standard of review, Petitioner does not even argue that the court of appeals got this wrong. He merely restates his belief that his attorney's alleged failures equaled--per se--a deficient performance. He does not effectively address the matter of possible strategy, nor does he address how his retrospective, subjective perspective of his counsel's performance does not square with the court of appeals's more objective perspective, as supported by the record. After all, Petitioner specifically responded without reservation in his plea colloquy that he had not been coerced and that he was satisfied with his attorney's performance.

Most importantly, Petitioner does not suggest any United States Supreme Court on-point case law exists that is at odds with the court of appeals's result. And, this Court's review of Supreme-Court case law reveals none. *See, e.g., Bell v. Cone*, 535 U.S. 685, 698, 702 (2002) (stating "defendant must overcome the 'presumption that, under the circumstances, the challenged action "might be considered sound trial strategy"'" and "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight") (citations omitted).

Based on *Strickland*, the Utah Court of Appeals was right to analyze how counsel's performance may have been deficient, and, on the basis that it was not, reject Petitioner's ineffective-assistance-of-counsel claims. This Court is therefore not at all persuaded that the court of appeals's application of relevant Supreme-Court precedent was unreasonable.

### C. Merits--Denial of Appointed Counsel in State Post-Conviction Proceedings

Petitioner argued throughout his state post-conviction proceedings that he should be appointed counsel in those proceedings. Here, he attacks the state courts' failure to appoint counsel. However, "'[r]here is no constitutional right to an attorney in . . . post-conviction proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)). Thus, there is no constitutional violation here and no basis for relief.

### CONCLUSION

Petitioner's challenges to the circumstances of his guilty plea and his claims of ineffective assistance of counsel raise no valid grounds for federal habeas relief.

**IT IS THEREFORE ORDERED** that this habeas corpus petition under § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 12th day of September, 2018.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge